Case 3:07-cv-04617-SI    Document 1-8    Filed 09/06/2007    Page 1 of 4

**EXHIBIT 7**

# EXHIBIT 7

**FENWICK & WEST LLP**

SILICON VALLEY CENTER   801 CALIFORNIA STREET   MOUNTAIN VIEW, CA 94041
TEL 650.988.8500   FAX 650.938.5200   WWW.FENWICK.COM

June 26, 2007

CHARLENE M. MORROW

EMAIL CMORROW@FENWICK.COM
DIRECT DIAL (650) 335-7155

**VIA FACSIMILE AND U.S. MAIL**

Brian S. North, Esq.
Buchanan Ingersoll & Rooney
1835 Market Street, 14th Floor
Philadelphia, PA 19103-2985

Re: Motorola, Inc./Macrovision Corporation

Dear Mr. North:

I write on behalf of Macrovision Corporation, in response to your letter of yesterday to Mr. Robert Gilham of Macrovision. Macrovision disagrees with Motorola's reading of the license agreements between Macrovision and either General Instrument Corporation or Motorola, Inc.

First, your letter asserts that even if the General Instrument agreement has expired, that the provisions of Section 13.5 of that Agreement permit General Instruments to continue manufacturing and distributing the products at issue without regard to Macrovision's other patent rights. That is not correct. Section 13.5 does not expand the scope of the license granted to General Instruments under Section 2.1, which was limited to the Licensed Technology. The Licensed Technology was in turn limited to circuitry to allow application of the Process. The Process was limited to the designated patents listed in Appendix A. Sections 2.3 and 8.1, *inter alia*, clearly disclaim any other license from Macrovision to General Instrument.

The Amendment to the License Agreement in no way changed that result. The Amendment does not amend Appendix A of the original agreement to list any additional Macrovision patents. The intent of the parties is further confirmed by new section 1.12, which was added to the Agreement and lists only the originally licensed U.S. patents. Accordingly, all manufacture, use or sale by General Instrument, as well as importation and exportation of the chips at issue is unlicensed.

Second, your letter is simply incorrect in asserting that Macrovision did not raise the new patents with Motorola until March of this year. Macrovision contacted Motorola about the license expiration in the fall of 2006, and since at least October 4, 2006, Motorola was on notice of the new patents and was promising to have its patent "expert" review them. In interim communications, Motorola has offered a variety of excuses, but there is simply no reason why it

Brian S. North, Esq.
June 26, 2007
Page 2

needed more than 8 months to assess the relevant Macrovision portfolio. Moreover, Macrovision continues to remain ready to review at any time its analysis of the current chips versus Macrovision's patents with Motorola.

Third, to the extent that you are suggesting that Motorola has some kind of equitable defense to Macrovision's patent claims, that does not bear out. As you yourself point out, the Motorola-Macrovision agreement gave Motorola notice that Macrovision had additional patents in this area. It is hardly a bar to Macrovision's claim that, despite that notice, Motorola chose to proceed without a license for the General Instrument subsidiary.

Fourth, your letter incorrectly states that General Instrument is licensed under certain patents by virtue of the Copy Protection License Agreement between Macrovision Corporation and Motorola Incorporated. Under that license agreement, Motorola and its subsidiaries as of September 9, 1998 were granted certain rights. However, those subsidiaries were limited to entities that, at the time of agreement, were under ownership or control by Motorola. There was no grant of rights to future subsidiaries. Since Motorola did not acquire General Instrument until January, 2000, General Instrument is in no way covered by the Macrovision-Motorola agreement.

Fifth, Macrovision's notice obligation under the Motorola agreement is limited to improvements Macrovision makes to the commercial embodiment of its patented technology, and does not include a notice obligation when additional patents are obtained. Accordingly, your notice complaint does not bear out.

In closing, please note that the financial incentives offered by Macrovision for Motorola's prompt resolution of these issues will expire at the end of this week. In addition, permit me to remind you that in the event of termination of the Macrovision-Motorola agreement, Motorola must immediate cease making and selling the chips at issue. On May 31, 2007, Motorola was provided notice that it had materially breached the Motorola agreement by failing to provide quarterly royalty reports. Accordingly, in just a few days Macrovision can terminate the remaining agreement. At that point, Motorola will be accruing full liability for infringement of Macrovision's patent and other intellectual property, not just on the activities of General Instrument but on all of its activities. Accordingly Macrovision demands immediate resolution of the outstanding issues between the parties.

Please contact me at your earlier convenience with your proposal on how to resolve this matter. Macrovision will not entertain further delay.

Sincerely,

Charlene M. Morrow