**EXHIBIT 9**

# EXHIBIT 9

 

1   KENNETH E. KELLER (SBN 71450)
2   THOMAS H. SLOAN, JR. (SBN 58322)
    LORI L. BEHUN (SBN 202309)
3   KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
    114 Sansome Street, 4th Floor
4   San Francisco, CA  94104
    Telephone: (415) 249-8330
5   Facsimile: (415) 249-8333

6   Attorneys for Plaintiff
7   MACROVISION CORPORATION

ENDORSED
FILED
San Francisco County Superior Court

JUL 8 0 2007

GORDON PARK-LI, Clerk
BY: _____ CHRISTINA E. BAUTISTA

CASE MANAGEMENT CONFERENCE SET by Clerk

DEC 2 8 2007 - 9:00 AM

DEPARTMENT 212

8
9   IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10      IN AND FOR THE COUNTY OF SAN FRANCISCO

11  MACROVISION CORPORATION, a        )   Case No.: CGC 07- 465559
    Delaware corporation,             )
12                                    )
                                      )   COMPLAINT FOR BREACH OF
            Plaintiff,                )   CONTRACT, DECLARATORY RELIEF
13                                    )   AND INJUNCTIVE RELIEF
    v.                                )
14                                    )
    MOTOROLA INCORPORATED, a          )
15  Delaware corporation, and Does 1 through 50, )
                                      )   JURY TRIAL DEMANDED
16          Defendant.                )
                                      )
17  _____  )

18      1.      Plaintiff Macrovision Corporation (where appropriate "Macrovision" or "Plaintiff")

19  is a Delaware corporation having its principal place of business in Santa Clara, California and with

20  an office of business in San Francisco, California.  Macrovision has been at all relevant times the

21  owner of Anti-Copying technology, which may be used to protect video material from

22  unauthorized copying, including in connection with pay-per-view program transmissions.

23      2.      Defendant Motorola, Inc. (where appropriate "Motorola" or "Defendant") is a

24  Delaware corporation, and doing business throughout the State of California.  On information and

25  belief, Motorola's principal place of business is located in Schaumburg, Illinois.  Motorola is a

26  purchaser and/or licensee of Anti-Copying technology, designed and developed by Macrovision,

27

28                                       1

COMPLAINT FOR BREACH OF CONTRACT,
DECLARATORY RELIEF AND INJUNCTIVE RELIEF

1  including but not limited to Macrovision-enabled integrated circuits for incorporation into set top

2  boxes for pay-per-view program transmission.

3        3.      Macrovision is ignorant of the true names, capacities or business forms of each of

4  the Defendants sued herein as Does 1 through 50, inclusive, and therefore sues said Doe

5  Defendants by such fictitious names. Plaintiff will seek leave to amend the Complaint to allege

6  their true names and capacities once Plaintiff has ascertained them.

7        4.      Plaintiff is informed and believes, and based on such information and belief alleges,

8  that each of the Defendants, including the Doe Defendants, was acting as the agent or

9  representative of each of the other Defendants, and is responsible for and the cause of Plaintiff's

10  losses and damages alleged herein. Plaintiff alleges that Defendants, and each of them, knew of

11  the acts of each of the other Defendants and accepted the benefits flowing from the acts with full

12  knowledge of all material facts, and therefore ratified each of the acts of each other Defendant.

13  <div align="center">**JURISDICTION**</div>

14        5.      This court has jurisdiction over this action as the amount in controversy exceeds

15  Twenty Five Thousand Dollars ($25,000.00).

16        6.      Venue is proper in this Court as the Plaintiff does business within the City and

17  County of San Francisco, significant acts of the Defendant, giving rise to this action for breach of

18  contract, as described herein, occurred within this County, and the Defendant as a foreign

19  corporation doing business in the State of California is subject to jurisdiction in any County within

20  the State of California, including this County.

21  <div align="center">**FACTUAL ALLEGATIONS**</div>

22        7.      Macrovision offers content protection, digital rights management, and software

23  licensing solutions that enable businesses to maximize the value of their digital content and

24  software products. Macrovision owns intellectual property rights, title and interest in and to

25  various anti-copying technology which may be used to protect video material from unauthorized

26  use, including the Anti-Copying technology licensed by Macrovision to Motorola ("the

27  Macrovision Anti-Copying Licensed Technology") pursuant to the agreements described herein.

28  <div align="center">2</div>

<div align="center">COMPLAINT FOR BREACH OF CONTRACT,
DECLARATORY RELIEF AND INJUNCTIVE RELIEF</div>

 

8.      Over the years, Macrovision has been granted licenses to many of its patents that cover its Anti-Copying technology.

9.      Macrovision is informed and believes and thereon alleges that at all times relevant herein, Motorola has been and continues to be engaged in the business of providing integrated, end-to-end systems that deliver digital entertainment, information, and communications services over a variety of wired and wireless broadband network architectures.

10.     On information and belief, General Instrument Corporation ("GI") was formerly a Delaware corporation having principal place of business in San Diego, California.

The Macrovision - GI Relationship

11.     On or about June 4, 1991, Macrovision and GI entered into a license agreement (the "GI License Agreement") by which GI was licensed to use the Macrovision Anti-Copying Licensed Technology.  As part of that agreement, Macrovision licensed GI to make, use, and sell products covered by the Macrovision patents referenced therein.

12.     The GI License Agreement provided that it would automatically and immediately terminate upon expiration of the patents referenced in the GI License Agreement.  When the last of those patents expired, which occurred, the GI License Agreement terminated.

13.     Prior to 2000, Motorola and GI were competitors in the sale of pay-per-view products that incorporate anti-copying technology.  In or about January of 2000, Motorola acquired GI, and GI became a wholly owned subsidiary of Motorola.

The Macrovision - Motorola Copy Protection License Agreement

14.     On or about September 9, 1998, Macrovision and Motorola entered into a confidential Copy Protection Technology License Agreement (the "Motorola License Agreement"), by which Motorola was licensed the rights to incorporate the Macrovision Anti-Copying Licensed Technology into Motorola digital video compression systems in set top boxes, for sale to operators of pay-per-view programming.  In particular, Macrovision granted to Motorola the non-exclusive rights to: (a) purchase from authorized suppliers the devices that contain the apparatus for implementing the Process (the "Devices"); (b) incorporate such Devices into

3

 

1  Motorola's video decoder and associated software (the "Products") as defined in the Motorola

2  License Agreement; and (c) sell the Products to specified users. The Motorola Licensed

3  Agreement specifically granted to Motorola the rights to incorporate Macrovision–enabled

4  integrated circuits into set top boxes for pay-for-view program transmission and to ship, sell and

5  otherwise distribute such set top boxes, and to practice the patents referenced in the Motorola

6  License Agreement for such purposes.

7       15.    In consideration for these rights, Motorola agreed to pay an "Upfront Fee" and

8  Motorola further agreed to pay a "Product Royalty Fee" of sixty-cents ($0.60) for each unit sold by

9  Motorola incorporating Macrovision's technology. Pursuant to the terms of the Motorola License

10  Agreement, the Product Royalty Fees were and are due within 45 days after the close of each

11  calendar quarter in which such Products have been sold. Furthermore, the Motorola License

12  Agreement specifically provides that any payment not timely shall incur a late charge or interest of

13  eighteen-percent (18%) per annum, from the due date until the date of actual payment.

14       16.    The Motorola License Agreement also requires that Motorola keep records

15  reflecting the number of Products sold, and submit certified quarterly reports to Macrovision in a

16  format detailing the Products sold to end-user consumers and system operators, and the amount of

17  royalty due to Macrovision. The quarterly reports are due no later than forty-five days following

18  the close of the calendar quarter covered by the report, at the same time that the quarterly payment

19  of royalty fees is due.

20       17.    Under the Motorola License Agreement, Macrovision has the further right to audit

21  the Motorola records to certify compliance with the quarterly reporting and payment requirements.

22  If the audit determines that Motorola has understated the amount due, the additional amount due

23  shall be paid within ten days and Motorola shall reimburse Macrovision for the costs incurred in

24  such audit.

25       18.    In the event of a material breach of the Motorola License Agreement by one party,

26  the other party may terminate the agreement upon written notice, with a thirty day period in which

27  the breaching party may remedy the breach. In addition, in the event of an unremedied material

28                                              4

COMPLAINT FOR BREACH OF CONTRACT,
DECLARATORY RELIEF AND INJUNCTIVE RELIEF

1    breach by Motorola, the Motorola License Agreement gives Macrovision the right to notify

2    Motorola's Device suppliers that Motorola is no longer an authorized licensee entitled to purchase

3    and use the Devices.

4    <u>Motorola Breaches the Motorola License Agreement with Macrovision</u>

5          14.     Beginning in or about 1998, Motorola sold products subject to the Motorola License

6    Agreement, and for a time complied with the requirements of reporting sales and paying royalty

7    fees. While Motorola has continued up to the present time to market and sell products subject to

8    the Motorola License Agreement, in or about mid-2006, Motorola began materially breaching the

9    Motorola License Agreement by failing to submit the required quarterly reports, and by failing to

10   make payment of the royalty fees for such period. Thereafter, and to the present time, Motorola

11   has continued to breach material terms of the Motorola License Agreement by failing to supply

12   timely and accurate quarterly reports, and by failing to make payment of the required royalty fees.

13   Despite repeated written notices of these breaches and demands for cure and payment by

14   Macrovision, Motorola has failed and refused to cure its breaches or to make such payments.

15         15.     The amount of the past royalties due and owing to Macrovision from Motorola

16   under the Motorola License Agreement from July 1, 2006 up to the present, is in excess of

17   $9,000,000.00, plus interest at the rate specified in the Motorola License Agreement. Motorola

18   continues to sell Products and continues to incur an obligation to pay royalty fees, which obligation

19   and duty Motorola continues to ignore.

20         19.     On or about May 31, 2007, Macrovision once again demanded in writing that

21   Motorola pay the past-due royalty amounts, and further gave Motorola written notice of the

22   material breaches, as described herein, and an opportunity to remedy and cure the breaches by

23   payment of past sums due by close of business July 27, 2007 and to acknowledge that it has an

24   ongoing obligation to report sales and to pay royalties under the terms of the Motorola License

25   Agreement. Motorola has not made such payments, has not remedied the material breaches, and

26   thus Macrovision has the right to terminate the Motorola License Agreement and all the rights

27   under it.

28   <center>5</center>

---

<center>COMPLAINT FOR BREACH OF CONTRACT,<br>DECLARATORY RELIEF AND INJUNCTIVE RELIEF</center>

20.     The Motorola License Agreement entitles the prevailing party to attorney's fees, reasonable expenses, related litigation and arbitration costs and costs of suit to be paid by the non-prevailing party in any dispute, litigation or arbitration between the parties arising out of or related to the Agreement.

WHEREFORE, Macrovision claims as follow:

## FIRST CAUSE OF ACTION

### (Breach of Written Contract)

21.     Macrovision realleges and incorporates by reference the allegations in Paragraphs 1 through 20 above, as though fully set forth herein.

22.     Pursuant to the Motorola License Agreement, Motorola owes a royalty to Macrovision of sixty cents ($.60) for each unit sold, shipped or otherwise distributed by Motorola incorporating Macrovision's Anti-Copying Technology and to accurately report the sales of all Products under the Motorola License Agreement.

23.     Macrovision has performed each and every condition, covenant and obligation to be performed on its part, pursuant to the terms of the Motorola License Agreement, except as waived or excused by Motorola, and/or waived or excused by Motorola's breaches of the Agreement.

24.     Macrovision has not excused, waived or otherwise released Motorola from its obligations under the Agreement.

25.     Motorola has failed and refused, and continues to fail and refuse to tender its performance as required by the Agreement, in particular, for failing to provide timely and accurate quarterly reports of sales of Products and failing to pay royalty fees due and owing to Macrovision for the sale of Products from July 1, 2006 to the present, in a sum in excess of $9,000,000.00.

26.     Motorola's breaches of the Agreement are material and without excuse or justification.

27.     As a direct and proximate result of Motorola's breaches of the Agreement described herein, Macrovision has sustained damages for breach of contract in the sums stated above in an amount of approximately $9,000,000.00 and on going, plus interest of 18% per annum as provided

6

COMPLAINT FOR BREACH OF CONTRACT,
DECLARATORY RELIEF AND INJUNCTIVE RELIEF

1  in the Motorola License Agreement, plus attorneys' fees and costs.

2       WHEREFORE, Macrovision prays for damages and judgment as set forth below.

3                    **SECOND CAUSE OF ACTION**

4                       **(Declaratory Relief)**

5       28.    Macrovision realleges and incorporates by reference the allegations in the foregoing

6  paragraphs 1 to 27, as though set forth here in full.

7       29.    An actual and present controversy exists concerning the legal rights and duties of

8  Macrovision and Motorola with respect to the Motorola License Agreement, specifically whether

9  Motorola owes past due and ongoing royalties under the License Agreement, and the amount of

10  such royalties.  Macrovision contends that Motorola has materially breached the Motorola License

11  Agreement and that Motorola owes past due and ongoing royalties for the same, along with

12  interest, and Motorola disputes Macrovision's contentions.

13       30.    An actual controversy has arisen between the parties regarding the Motorola

14  License Agreement.  A declaratory judgment in this case is necessary and proper as such a

15  judgment would clarify the parties' rights and obligations and eliminate the uncertainty that has

16  been generated with respect to the parties' rights and obligations under the Motorola License

17  Agreement.

18       31.    Accordingly, Macrovision requests that this Court make the following judicial

19  declarations:  (1) the Motorola License Agreement is enforceable; (2) Motorola has materially

20  breached the terms and conditions of the Motorola License Agreement; (3) Macrovision has

21  provided the requisite notice and opportunity to cure; (4) Motorola has failed to cure its material

22  breaches, and (5) Motorola owes Macrovision damages for such breaches.

23       WHEREFORE, Macrovision prays for damages and judgment as set forth below.

24                    **THIRD CAUSE OF ACTION**

25                       **(Injunctive Relief)**

26       32.    Macrovision incorporates and realleges herein the allegation in Paragraphs 1

27  through 27 as if set forth in full.

28                              7

COMPLAINT FOR BREACH OF CONTRACT,
DECLARATORY RELIEF AND INJUNCTIVE RELIEF

33.     Pursuant to the terms of the Motorola License Agreement, upon termination due to a material breach by Motorola, Motorola must immediately cease the manufacture and distribution of all products defined in the agreement.

34.     The Motorola License Agreement further provides that upon termination due to a material breach by Motorola, Macrovision will be entitled to seek injunctive relief and/or right of possession to enforce its rights under the provision referenced herein, without the necessity of posting a bond or other security.  On information and belief, Motorola continues to ship, sell or otherwise distribute products covered by the Motorola License Agreement, including by incorporating Macrovision-enabled integrated circuits into set top boxes.

35.     Pursuant to the Motorola License Agreement, Motorola acknowledged and agreed that if it breached the Motorola License Agreement, which it has, as a result of such breach Macrovision may be irreparably harmed and may not have an adequate remedy at law.

36.     Motorola has materially breached the terms of the Motorola License Agreement as described herein and has failed to cure such breaches despite written notice by Macrovision.

37.     Macrovision has been irreparably harmed by the activities of Motorola as described herein, has no adequate remedy at law upon the termination of the Motorola License Agreement, and will continue to suffer irreparable harm unless the activities of Motorola are enjoined.

38.     Macrovision requests a preliminary and permanent injunction from the Court upon a determination that the Motorola License Agreement is terminated enjoining Defendants, and each of them from (1) incorporating Macrovision–enabled integrated circuits into step stop boxes, and (2) shipping, selling, or otherwise distributing such set top boxes.

WHEREFORE, Macrovision prays for damages and judgment as set forth below.

## PRAYER FOR DAMAGES AND RELIEF

As a result of the Defendant's wrongful conduct as alleged herein, Plaintiff prays for judgment against Defendant as follows:

A.     That this Court award Macrovision all compensatory, special, and incidental damages directly and proximately resulting from Defendant's wrongful acts;

8

COMPLAINT FOR BREACH OF CONTRACT,
DECLARATORY RELIEF AND INJUNCTIVE RELIEF

B.    For an accounting and payment of royalties in an amount to be determined at trial;

C.    For an award of reasonable attorneys' fees incurred in this action;

D.    For an award of Macrovision full costs and expenses incurred in this action;

E.    For awardable interest at the contract rate of 18%;

F.    For a preliminary and permanent injunction enjoining Defendants and each of them from (1) incorporating Macrovision-enabled integrated circuits into set top boxes; and (2) shipping, selling or otherwise distributing such set top boxes; and

G.    For such other and further relief as the nature of this action may require and/or that the Court deems just and proper.

Dated: July 30, 2007                    KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP


By: _____
        KENNETH E. KELLER
        Attorneys for Plaintiff
        MACROVISION CORPORATION


## DEMAND FOR JURY TRIAL

Demand is hereby made for trial by jury on all issues triable to a jury.

Dated: July 30, 2007                    KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP


By: _____
        KENNETH E. KELLER
        Attorneys for Plaintiff
        MACROVISION CORPORATION

9

COMPLAINT FOR BREACH OF CONTRACT,
DECLARATORY RELIEF AND INJUNCTIVE RELIEF